United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; TILE INDUSTRY PROMOTION FUND OF NORTHERN CALIFORNIA, INC.; TILE EMPLOYERS CONTRACT ADMINISTRATION FUND; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND,<br><br>        Plaintiffs,<br><br>  v.<br><br>FIDELITY, INC. dba TILE BELLA & STONE,<br><br>        Defendant.<br>_____/ | No. 09-1722-PJH (EDL)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

**I.    BACKGROUND**

On April 20, 2009, Plaintiffs filed a complaint under 29 U.S.C. § 185 to compel Defendant Fidelity, Inc. ("Fidelity") to comply with certain audit requirements set forth in a collective bargaining agreement and related trust agreements. The complaint sought an injunction ordering Fidelity to submit to an audit, as well as costs and attorney's fees.

The parties are signatories to a collective bargaining agreement ("CBA"), which provides that Defendant is required to pay various wages and fringe benefits to its employees. Compl. ¶ 6. Pursuant to the terms of the CBA, Fidelity agreed to be bound by the terms and conditions of each of the trust agreements under and in accordance with which each of the Plaintiff Funds was established

1   and is maintained. Id. ¶ 7. The CBA provides that, if it becomes necessary for the Trustees to
2   engage legal counsel or initiate litigation in order to recover unpaid contributions or to receive
3   monthly reporting forms, the employer is liable for attorney's fees. Supplemental Declaration of
4   Kent Khtikian ("Supp. Decl.") Ex. 3 at Art. X § 86. The CBA also requires Fidelity to allow
5   Plaintiffs to audit its payroll and other relevant records to ascertain whether fringe benefits have
6   been paid as required. Compl. ¶ 9; First Amended Declaration of Kent Khtikian ("Khtikian Decl.")
7   ¶ 4; Supp. Decl. Ex. 3 at Art. X § 87. The agreement provides that, during an audit, if it is
8   determined that sufficient benefits payments have not been made, the employer is also "liable for the
9   cost of such inspection or audit." Id. Plaintiff does not seek recovery for the costs of the audit in
10  question.

11        The terms of the CBA do not appear to expressly provide for recovery of attorneys fees
12  incurred in connection with litigation initiated to require an audit, as opposed to recovery of unpaid
13  contributions or monthly reporting forms. However, the underlying trust agreements described in
14  the CBA provide that, if a signatory to the CBA fails to allow a payroll audit, "the Employer shall
15  become liable for all costs incurred by the Fund in securing the audit," including costs and fees.
16  Compl. ¶ 10; Khtikian Decl. ¶ 4; Second Supplemental Declaration of Kent Khtikian Exs. 4, 5, 6.

17        Plaintiffs claim that Fidelity failed to permit an audit as required, which necessitated the
18  instant action and entitles them to attorneys fees. Compl. ¶¶ 11-15. On April 30, 2009, Fidelity was
19  served with the summons and complaint. Fidelity failed to answer the complaint or otherwise
20  defend the action. On August 28, 2009, upon Plaintiffs' request, the Clerk of this Court entered
21  Defendant's default under Federal Rule of Civil Procedure 55(a). By its default, Defendant is
22  deemed to have admitted the well-pleaded averments of the complaint except those as to the amount
23  of damages. See Fed. R. Civ. P. 8(d).

24        On March 31, 2010, Plaintiffs filed a motion for default judgment, which was referred to the
25  undersigned Magistrate Judge pursuant to Civil Local Rule 72-1. On April 13, 2010, Plaintiff filed
26  an amended motion for default judgment to correct minor errors in the initial motion. Both the
27  motion and amended motion were served on Defendant by mail. The motion came on for hearing on
28  May 11, 2010. Attorney Kent Khtikian appeared for Plaintiffs. Defendant did not file an opposition

2

1  to Plaintiffs' motion and did not appear at the hearing. The default judgment motion seeks $4,585.50
2  in costs and fees incurred in enforcing the agreement, but no longer seeks injunctive relief ordering
3  an audit.

4  **II.     DISCUSSION**

5       **A.     Plaintiffs are Entitled to Default Judgment**

6      Plaintiffs served Fidelity with their motion and amended motion for default judgment. See
7  Dkt. # 16, 21.  A court may not enter a default judgment against an unrepresented minor, an
8  incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. §
9  521(b)(1).  Fidelity is a corporation and is therefore not a minor, an incompetent person or a person
10 in the military.

11     In determining whether to grant a default judgment, a court should consider the following
12 factors: (1) the substantive merits of the plaintiff's claim(s); (2) the sufficiency of the complaint; (3)
13 the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5)
14 the possibility of dispute as to any material facts in the case; (6) whether default resulted from
15 excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring
16 decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

17     Fidelity has failed to respond to the complaint or otherwise to appear in the proceedings.  By
18 its default, Fidelity is deemed to have admitted the well-pleaded averments of the complaint except
19 those as to the amount of damages.  See Fed. R. Civ. P. 8(d).  Accordingly, Fidelity concedes that it
20 had a contractual duty to permit Plaintiffs to conduct an audit, and that it breached that duty.  See
21 Compl. ¶¶ 9, 11.  The probability of dispute as to any material facts is low because the parties
22 executed written agreements, and the default does not appear to be the result of any excusable
23 neglect.  Plaintiffs will suffer prejudice if relief is not granted because they have been forced to
24 expend approximately $4,585.50 in costs and fees to enforce the CBA and trust agreements and
25 obtain an audit.  Given Defendant's failure to appear or to settle the dispute, the sufficiency of
26 Plaintiffs' Complaint, and the apparent merit of Plaintiffs' substantive claims, the Court
27 recommends that default judgment be entered against Fidelity.  See Fed.R.Civ.P. 55(b); Eitel, 782
28 F.2d 1470.

3

**B.      Attorneys' Fees and Costs**

Plaintiffs have the burden of proving their damages through testimony or written affidavit. To prove Plaintiffs' costs and fees, Plaintiffs submitted the declaration of Kent Khtikian, Plaintiffs' counsel. Plaintiffs seek reimbursement in the amount of $4100.50 for attorneys' fees and $485.00 for costs incurred. Khtikian Decl. ¶¶ 6-7, Exhs. 1-2. Having reviewed Plaintiffs' itemization of these fees and costs, the Court determines that the amounts requested by Plaintiffs are reasonable. Therefore, the Court recommends that a judgment be entered against Fidelity for attorneys' fees in the amount of $4,100.50 and for costs in the amount of $485.00.

**II.     CONCLUSION**

For the reasons set forth above, and for good cause shown, It Is Hereby Recommended that default judgment be entered in the amount of $4,585.50. Any party may serve and file specific written objections to this recommendation within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3 . Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: May 11, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge